**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ROSIE WOLFE,

                    Plaintiff,

v.                                            CIVIL ACTION NO.  2:07-cv-00560

UNITED STATES OF AMERICA,

                    Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court are the United States of America's Motion for Summary Judgment [Docket 25] and the plaintiff's Motion for Summary Judgment [Docket 27].

As noted in the United States of America's Motion to Strike Plaintiff's Untimely Motion for Summary Judgment [Docket 29], the plaintiff filed her motion for summary judgment on March 31, 2009, which was well past the February 19, 2009 deadline set by the court in an Order dated September 4, 2008 [Docket 17].  The plaintiff, Mrs. Rosie Wolfe, did not ask for an extension of the deadline to file motions for summary judgment and she has not shown good cause for why such an extension should be granted by the court.[1]  Accordingly, the plaintiff's Motion for Summary Judgment was untimely and it is **ORDERED STRICKEN**.  Thus, the United States of America's Motion to Strike is **GRANTED in part** insofar as it seeks to strike the plaintiff's Motion for

_____

[1]       In the plaintiff's Response to the United States of America's Motion to Strike [Docket 30], she asserts that she "inadvertently filed [her summary judgment motion] in accordance with the date set forth in the Rule 26(f) planning meeting filed on August 29, [2008] in which both parties agreed that dispositive motions should be filed by March 31, 2009."  Such a mistake is not enough to show good cause for missing a deadline set by the court.

Summary Judgment and **DENIED in part** as to its request that summary judgment be granted in its favor. Rather, I will address the United States of America's Motion for Summary Judgment independently.

The United States of America's Motion for Summary Judgment was filed on February 19, 2009. The plaintiff did not respond and the motion is now ripe for review. For the reasons explained below, the United States of America's Motion for Summary Judgment is **DENIED**.

## I. Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or

-2-

unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).

The plaintiff did not respond to the United States of America's summary judgment motion. Although Federal Rule of Civil Procedure 55 provides for default procedures, those procedures do not govern the failure of a party to respond to a summary judgment motion. *Custer v. Pan Am. Life Ins. Co.,* 12 F.3d 410, 415 (4th Cir. 1993). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" *Id.* at 416. Therefore, even though the motion is unopposed, the court will review the pending motion under the usual summary judgment standard to determine whether the United States is entitled to judgment as a matter of law.

## II.  Discussion

This case arises from a slip-and-fall at the post office in Ripley, West Virginia. (Compl. ¶¶ 1-7 [Docket 1].) On February 3, 2004, Mrs. Wolfe slipped and fell while using the steps outside the entrance of the Ripley Post Office. (*Id.* ¶ 6.) Mrs. Wolfe alleges that she slipped and fell "[b]ecause the steps were not coated with a non-skid surface and were not properly treated for the weather conditions at the time of the accident[.]" (*Id.*) As she fell, Mrs. Wolfe hit her head on the steps and the post office door, causing a twelve-centimeter laceration and requiring a blood transfusion. (*Id.*) Mrs. Wolfe allegedly has incurred approximately $8,149.22 in medical expenses as a result of the fall, along with pain, suffering, mental anguish, and loss of enjoyment of life. (*Id.* ¶¶ 6-7.) The

plaintiff states in Count One of her Complaint, the only remaining count, that the United States owed

a duty to her as a business invitee that required the United States "to use reasonable care to keep its

premises, including the steps leading to its public entrance and door, in a reasonably safe condition

for use by patrons such as [Mrs.] Wolfe."  (*Id.* ¶ 9.)  Furthermore, the plaintiff asserts that the United

States breached its duty in as many as five ways:

> 1) by failing to coat the steps with a non-skid surface[;] 2) by not properly treating
> the steps for inclement weather conditions; 3) by failing to properly maintain the
> door to the post office; 4) by failing to warn plaintiff of the hazard of the condition
> of the stairs and the door; and 5) by such other acts or omissions as may become
> apparent during discovery.

(*Id.* ¶ 10.)  Mrs. Wolfe argues, therefore, that the steps to the entrance of the Ripley Post Office and

the door at the entrance were not reasonably safe due to the negligence of the Post Office's

employees, agents, or servants.  (*Id.* ¶¶ 11-13.)  She claims their negligence caused her to fall and

sustain injuries.  (*Id.*)

The federal government is immune from suit unless it consents to be sued.  *United States v.*

*Sherwood*, 312 U.S. 584, 586 (1941).  The Federal Tort Claims Act ("FTCA") provides a limited

exception to sovereign immunity.  The plaintiff brought this action for money damages arising from

negligent acts or omissions of federal employees under the FTCA after meeting the jurisdictional

requirements.  28 U.S.C. §§ 1346(b), 2671-80.

"Disposition of actions arising under the FTCA is to be made pursuant to the tenets of law

applicable in the state where the negligent act or omission is alleged to have occurred."  *Bellomy v.*

*United States*, 888 F. Supp. 760, 763 (S.D. W. Va. 1995) (citing *Miller v. United States*, 932 F.2d

301, 303 (4th Cir. 1991); *Dunbar Corp. v. Lindsey*, 905 F.2d 754, 757 (4th Cir. 1990); *Tolliver v.*

-4-

*United States*, 831 F. Supp. 558, 560 (S.D. W. Va. 1993)).  The alleged negligence occurred in Ripley, West Virginia.  Accordingly, the substantive law of West Virginia is applicable to this case.

The United States of America argues in its motion for summary judgment that Mrs. Wolfe cannot establish the proximate cause of her fall and therefore the United States is entitled to summary judgment as a matter of law.  In order for Mrs. Wolfe to succeed on the merits of her case, she must prove that the United States proximately caused her injuries.  "[It is a] fundamental legal principle . . . that negligence . . . must be the proximate cause of the injury complained of and must be such as might have been reasonably expected to produce an injury [in order to be actionable]." Syllabus Point 2, *McCoy v. Cohen*, 140 S.E.2d 427 (W. Va. 1965).  Furthermore, under West Virginia law, "[t]he proximate cause of an injury is the last negligent act contributing to the injury and without which the injury would not have occurred." *Sergent v. City of Charleston*, 549 S.E.2d 311, 320 (W. Va. 2001) (quoting Syllabus Point 5, *Hartley v. Crede*, 82 S.E.2d 672 (W. Va. 1954), *overruled on other grounds by State v. Kopa*, 311 S.E.2d 412 (W. Va. 1983)).

Specifically, the United States argues that the plaintiff cannot prove proximate cause, because she stated in her deposition that she was not sure whether she slipped on ice.  Instead, Mrs. Wolfe stated that she only knew she slipped on something that was "wet" and "slicky" and that it "must have been" ice, but that she could not be sure.[2] (Mem. Supp. U.S. Mot. Summ. J. 2-3 [Docket

---

[2]      The relevant portions of the transcript, with questions by the United States and answers by Mrs. Wolfe, are as follows:

    Q      So on the day of the accident, tell me what happened.  What was the weather like that day?

    A      It was like real icy and rainy, and it was like black ice.  And I was hanging onto the rail because I was afraid, you know, that it would be slicky, and it was.

(continued...)

-5-

26].)  The United States asserts that this deposition testimony shows that Mrs. Wolfe cannot prove

proximate causation and, therefore, cannot prove a necessarily element of her claim.  The United

States cites to cases that apply Illinois, Missouri, New York, and Virginia law for the proposition

that a plaintiff cannot prove proximate cause when that plaintiff does not know what caused the fall

and, therefore, summary judgment should be entered for the defendant.  *See, e.g.*, *Yost v. Hardees

of Tazewell*, No. 93-2256, 1994 WL 232343 (4th Cir. June 1, 1994) (applying Virginia law and

affirming a district court finding that the plaintiff's "failure to identify the cause of the accident

[was] fatal to her case"); *Kimbrough v. Jewel Cos.*, 416 N.E.2d 328, 331 (Ill. App. Ct. 1981)

(holding that a plaintiff's case must fail where "she could produce no evidence (since according to

her interrogatories she knew of no other witnesses) to show that even if there was some object lying

---

[2](...continued)

. . .

Q    So you said that that day it was icy and raining?

A    Yeah, just a mist of rain, but it wasn't raining real hard or anything.  And
     then it was just a bad day, you know, a nasty day, and it was cold, and there
     were black ice in Ripley.

. . .

Q    Did you see black ice somewhere?

A    No, I didn't.  I didn't really see any, you know.

. . .

Q    Did you slip on ice?

A    I'm pretty sure.  I'm not sure, so I don't want to answer that.  I don't know
     how to answer that.  I just know it was wet and it was slicky.

Q    So you don't, you don't have the sense that you stepped on an icy spot and
     your foot went out from under you?

A    I stepped up on, clear up on the step, and my foot came back off . . .

Q    Was there ice on the step?

A    Yeah, it must've been.

. . .

Q    But you didn't see any ice there?  You don't know if there was any ice there?

A    No, I don't know if there was ice there or not.

(U.S. Mot. Summ. J., Ex. A, Wolfe Deposition, 16-19.)

on the defendant's premises, or there was some defect in the ramp, this object or this defect caused her fall"). Accordingly, the United States argues that Mrs. Wolfe cannot establish why she fell and, therefore, summary judgment should be entered in its favor.

The cases cited by the United States are easily distinguishable from the facts of this case. As noted by the Northern District of Illinois:

> In *Kimbrough*, the plaintiff slipped and fell as she was exiting the defendant's store . . . [, but she stated that she] did not know how she fell, did not know of any defect in the ramp on which she fell, did not know if she slipped on something, and did not look at the ramp before or after she fell.

*Knight v. Schneider Nat. Carriers, Inc.*, 350 F. Supp. 2d 775, 784 (N.D. Ill. 2004). Although Mrs. Wolfe's deposition shows some ambiguity as to whether she slipped and fell on black ice or water, it is clear that she slipped on something "slicky" on the top step. This is in stark contrast to the plaintiff in *Kimbrough* who "had no idea why she fell[.]" 416 N.E.2d at 331; *see also Knight*, 350 F. Supp. 2d at 785. Mrs. Wolfe knows why she fell—the top step was slippery—she just did not visually confirm that there was ice on the step. Similarly, in *Yost*, the plaintiff stated that she could only speculate as to what caused her to slip and fall. 1994 WL 232343, at *1. Furthermore, the Fourth Circuit noted that the *Yost* plaintiff continued to respond "I don't know" to any questions about the fall. *Id.* at *2. In contrast, Mrs. Wolfe clearly stated what caused her fall and merely stated that she couldn't be sure it was ice, but that she was sure that the step was "slicky" and thought, therefore, that she "must have" slipped on ice, particularly in light of the icy conditions throughout Ripley that day.

There is enough evidence here in order to send the facts on proximate cause to a jury for determination, because Mrs. Wolfe stated in her deposition that the conditions were generally icy and that her foot slipped on what she believes must have been ice. Accordingly, I **FIND** that

-7-

summary judgment in favor of the United States is not appropriate in this case because a reasonable jury could find that the actions of the United States proximately caused her injuries.

## III.  Conclusion

For the reasons explained above, the United States of America's Motion to Strike Plaintiff's Untimely Motion for Summary Judgment [Docket 29] is **GRANTED in part** and **DENIED in part**. The plaintiff's Motion for Summary Judgment [Docket 27] is therefore **ORDERED STRICKEN**. In addition, the United States of America's Motion for Summary Judgment [Docket 25] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        April 22, 2009

Joseph R. Goodwin, Chief Judge